1 **VICTOR N. PIPPINS**
California State Bar No. 251953
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5008
Telephone: (619) 234-8467
4 victor_pippins@fd.org

5 Attorneys for Mr. Rodarte-Juarez

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                    **(HONORABLE JEFFREY T. MILLER)**

11 UNITED STATES OF AMERICA,            )    Case No.: 08cr2879-JM
                                         )
12            Plaintiff,                  )    Date:    September 19, 2008
                                         )    Time:    11:00 a.m.
13 v.                                     )
                                         )    **NOTICE OF MOTIONS AND MOTIONS TO:**
14 Jose Manuel Rodarte-Juarez,           )
                                         )    **1)    DISMISS THE INDICTMENT BECAUSE
15            Defendant.                  )          INSTRUCTIONS PROVIDED TO THE
                                         )          GRAND JURY CANNOT BE
16                                        )          RECONCILED WITH THE FIFTH
                                         )          AMENDMENT;**
17                                        )    **2)    COMPEL DISCOVERY;**
                                         )    **3)    PRESERVE AND INSPECT EVIDENCE;
18                                        )          AND**
                                         )    **4)    GRANT LEAVE TO FILE ADDITIONAL
19 _____)          MOTIONS.**

20 TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY:

21        **PLEASE TAKE NOTICE** that, on September 19, 2008, at 11:00 a.m., or as soon thereafter as

22 counsel may be heard, the accused, Jose Manuel Rodarte-Juarez, by and through her attorneys,

23 Victor Pippins and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the

24 motions outlined below.

25 //

26 //

27 //

28 //

## MOTIONS

Defendant, Jose Manuel Rodarte-Juarez, by and through her attorneys, Victor Pippins and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Dismiss the Indictment Because Instructions Provided to the Grand Jury Cannot Be Reconciled with the Fifth Amendment;
(2) Compel Discovery;
(3) Preserve and Inspect Evidence; and
(4) Grant Leave to File Additional Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on these motions.

Respectfully submitted,

/s/ Victor N. Pippins

DATED: September 5, 2008

**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodarte-Juarez
E-mail: victor_pippins@fd.org

08CR2879-JM

1   **VICTOR N. PIPPINS**
    California State Bar No. 251953
2   **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
    225 Broadway, Suite 900
3   San Diego, California 92101-5008
    Telephone: (619) 234-8467
4   victor_pippins@fd.org

5   Attorneys for Mr. Rodarte-Juarez

6

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE JEFFREY T. MILLER)**

11   UNITED STATES OF AMERICA,      )   Case No.: 08cr2879-JM
                             )
12          Plaintiff,          )   Date:   September 19, 2008
                             )   Time:   11:00 a.m.
13   v.                           )
                             )
14   Jose Manuel Rodarte-Juarez,       )   **STATEMENT OF FACTS AND POINTS AND**
                             )   **AUTHORITIES IN SUPPORT OF MOTIONS**
15          Defendant.        )
                             )
16   _____

17                              **I.**

18                      **STATEMENT OF FACTS**[1]

19       On July 25, 2008, at approximately 5:25 a.m., Mr. Rodarte-Juarez made application for entry into

20   the United States via the Calexico West Port of Entry. He was driving a 1987 Toyota Corolla. After giving

21   a negative customs declaration, Mr. Rodarte-Juarez was directed to the secondary inspection area. During

22   secondary inspection, a Human/Narcotics Detector Dog alerted to the spare tire of the vehicle. A subsequent

23   inspection resulted in the discovery of six packages, weighing approximately 15.08 kilograms, containing

24   what was field tested to be marijuana. Mr. Rodarte-Juarez was then placed under arrest for violations of 21

25   U.S.C. 852 and 960, and booked into the Imperial County Jail in El Centro, California.

26

27       [1] The following statement of facts is based, in part, on materials received from the government. The
28   facts alleged in these motions are subject to elaboration and/or modification at the time these motions are
      heard. Mr. Rodarte-Juarez reserves the right to take a position contrary to the following statement of
      facts at the motions hearing and at trial.

On August 27, 2008, the July 2007 Grand Jury handed down an indictment, charging Mr. Rodarte-Juarez with the importation of approximately 15.08 kilograms of marijuana, in violation of Title 21, United States Code, Sections 952 and 960. A not guilty plea was entered on Mr. Rodarte-Juarez's behalf.

## II.

## THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE INSTRUCTIONS PROVIDED TO THE GRAND JURY CANNOT BE RECONCILED WITH THE FIFTH AMENDMENT

The Ninth Circuit has, over vigorous dissents, rejected challenges to various instructions give to grand jurors in the Southern District of California. See United States v. Navarro-Vargas 408 F.3d 1184 (9th Cir.) (en banc), cert. denied, 126 S. Ct. 736 (2005). See also United States v. Cortes-Rivera, 454 F.3d 1038 (9th Cir. 2006). Mr. Rodarte-Juarez respectfully disagrees with the Navarro-Vargas majority opinion, and argues that this Court should dismiss the indictment based upon structural error for the reasons set forth in Judge Hawkins' dissent in the en banc opinion, see Navarro-Vargas, 408 F.3d at 1210-11 (Hawkins, J., dissenting), and Judge Kozinski's dissent in the three judge panel decision. See United States v. Navarro-Vargas, 367 F.3d 896, 899-904 (9th Cir. 2004) (Kozinski, J., dissenting).

Further, Mr. Rodarte-Juarez respectfully requests that this Court order production of the transcript of the voir dire and instruction of this grand jury panel. The entirety of the instructions and voir dire of the grand jury are important in this case because the grand jury receives instructions throughout the voir dire process. Once these transcripts become available to Mr. Rodarte-Juarez he may request to supplement these motions. See United States v. Alter, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) ("[t]he proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not.").

## III.

## MOTION TO COMPEL DISCOVERY

Mr. Rodarte-Juarez moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the

defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A), (B) and (C). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. <u>See</u> Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The Government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

/ / /

1  (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.

2 Crim. P. 16(a)(1)(D).

3  (6) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts

4 under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon

5 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

6 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.

7 The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time

8 to adequately investigate and prepare for trial.

9  (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search,

10 either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

11  (8) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if

12 necessary, all other documents and tangible objects, including photographs, books, papers, documents,

13 fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended

14 for use in the Government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim.

15 P. 16(a)(1)(E).

16  (9) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective

17 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his

18 or his testimony.

19  (10) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government

20 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness

21 has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>,

22 <u>supra</u>.

23  (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any

24 evidence that any prospective witness is under investigation by federal, state or local authorities for any

25 criminal conduct.

26  (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The

27 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

28 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

1  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

2  alcoholic.

3      (13)  <u>Witness Addresses</u>.  The defendant requests the name and last known address of each

4  prospective Government witness.  The defendant also requests the name and last known address of every

5  witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will

6  not be called as a Government witness.

7      (14)  <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any

8  witness who made an arguably favorable statement concerning the defendant or who could not identify him

9  who was unsure of his identity, or participation in the crime charged.

10      (15)  <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement

11  relevant to any possible defense or contention that he might assert.

12      (16)  <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,

13  including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.

14  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks

15  material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

16  interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.</u>

17  <u>United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the

18  Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes

19  are then subject to the Jencks Act.

20      (17)  <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant

21  requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange

22  for their testimony in this case, and all other information which could arguably be used for the impeachment

23  of any Government witnesses.

24      (18)  <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery

25  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

26  compensation, or any other kind of agreement or understanding, including any implicit understanding

27  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government

28  witness and the Government (federal, state and/or local).  This request also includes any discussion with a

1   potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain,

2   even if no bargain was made, or the advice not followed.

3        (19)  Informants and Cooperating Witnesses.  The defendant requests disclosure of the names and

4   addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,

5   disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

6   charged against Mr. Rodarte-Juarez.  The Government must disclose the informant's identity and location,

7   as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.

8   Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information

9   derived from informants which exculpates or tends to exculpate the defendant.

10       (20)  Bias by Informants or Cooperating Witnesses.  The defendant requests disclosure of any

11  information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405

12  U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats

13  were made to the witness to secure cooperation with the authorities.

14       (21)  Government Examination of Law Enforcement Personnel Files.  Mr. Rodarte-Juarez requests

15  that the Government examine the personnel files and any other files within its custody, care or control, or

16  which could be obtained by the government, for all testifying witnesses, including testifying officers.

17  Mr. Rodarte-Juarez requests that these files be reviewed by the Government attorney for evidence of

18  perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any

19  information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir.

20  1991).  The obligation to examine files arises by virtue of the defense making a demand for their review:

21  the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government

22  failed to examine the files of agents who testified at trial.  This Court should therefore order the Government

23  to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that

24  is exculpatory to Mr. Rodarte-Juarez prior to trial.  Mr. Rodarte-Juarez specifically requests that the

25                                          **IV.**

26                  **MOTION TO PRESERVE AND INSPECT EVIDENCE**

27       Mr. Rodarte-Juarez requests the preservation of all physical evidence in this case.  This includes any

28  evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the

1  government (or its private contractors) in this case.  See United States v. Riley, 189 F.3d 802, 806-808

2  (9th Cir.1999).  This request includes, but is not limited to: (1) the alleged contraband found in the spare tire,

3  including samples used to conduct tests; (2) the containers or packaging within which the contraband was

4  discovered; (3) the results of any fingerprint analysis; (4) the defendant's personal effects; (5) any videotapes

5  capturing Mr. Rodarte-Juarez in this matter; (6) the vehicle seized pursuant to the arrest.  Mr. Rodarte-Juarez

6  requests that government counsel be ordered to notify the agencies and private contractors with custody of

7  such evidence be informed of the Court's preservation order.

8      Further, Mr. Rodarte-Juarez requests an order granting defense counsel and/or their investigators

9  access to the alleged contraband and other evidence for the purposes of investigation, including inspection,

10  photographing, and re-weighing of the alleged contraband if necessary.  Fed. R. Crim. P. 16(a)(1)(C).  A

11  proposed Order is attached for the convenience of the Court.

12      Mr. Rodarte-Juarez requests that the evidence in the case be preserved throughout the pendency of

13  the case, including any appeals.

14  **V.**

15  **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

16      Defense counsel requests leave to file further motions and notices of defense based upon information

17  gained in the discovery process.  To date, counsel has received **39 pages** of discovery from the government

18  in this matter.

19  **VI.**

20  **CONCLUSION**

21      For these and all the foregoing reasons, the defendant, Mr. Rodarte-Juarez, respectfully requests that

22  this court grant his motions and grant any and all other relief deemed proper and fair.

23      Respectfully submitted,

24

25  DATED: September 5, 2008    _/s/ Victor N. Pippins_
    **VICTOR N. PIPPINS**
    Federal Defenders of San Diego, Inc.

26    Attorneys for Mr. Rodarte-Juarez
    E-mail: victor_pippins@fd.org

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2 Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his

3 information and belief, and that a copy of the foregoing document has been served this day upon:

4

U.S. Attorney CR
Efile.dkt.gc2@usdoj.gov

5

6

Respectfully submitted,

7

8 DATED:   September 5, 2008     /s/ Victor Pippins
                        **VICTOR PIPPINS**

9                         Federal Defenders of San Diego, Inc.
                         Attorneys for Mr. Rodarte-Juarez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28